# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MATTHEW LOUIS ORASCO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:20-CV-604-SRC |
| ) | |
| TED KOONCE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner Matthew Louis Orasco's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons explained below, the petition will be dismissed.

## Background

Petitioner is currently a federal presentencing detainee who is being held at the Fayette County Jail in Vandalia, Illinois. He was charged with numerous offenses, including possession of a firearm in furtherance of a drug trafficking crime. *See U.S. v. Matthew Louis Orasco*, No. 4:19-CR-719-JAR-1 (E.D. Mo. 2019). Petitioner pleaded guilty on January 15, 2020, and his sentencing was set initially for April 14, 2020. On March 24, 2020, however, because of the COVID-19 pandemic and the Administrative Order of Chief Judge Sippel dated March 17, 2020, petitioner's sentencing hearing was continued to June 19, 2020.

On April 3, 2020, in his criminal action, petitioner filed a motion for bond reduction and release. In this motion, petitioner stated that he feared exposure to COVID-19 in the Fayette County Jail, and sought to return to his residence under home monitoring. The government opposed the motion. On April 17, 2020, the Court denied petitioner's motion for bond reduction

and release, finding petitioner had not established any exceptional reasons that would warrant release under 18 U.S.C. § 3145(c).

> While Defendant has properly alleged that he is potentially more susceptible to serious illness if he contracts the Coronavirus, he has not identified any specific facts based on his conditions of confinement that indicate he would not be adequately treated. Like all facilities holding federal detainees, the facility holding Defendant is required to implement measures recommended by the Bureau of Prisons to mitigate the spread of Coronavirus.

*U.S. v. Orasco*, No. 4:19-CR-719-JAR (E.D. Mo. Apr. 17, 2020). Petitioner has not filed any appeal of this Order, and he remains incarcerated in the Fayette County Jail.

### The Petition

In the instant habeas petition, petitioner challenges his federal detention while awaiting sentencing for the same reason he challenged his continued detention in his motion for bond reduction and release, *i.e.*, the COVID-19 pandemic. He states that he has to share a toilet and sink with a cellmate and share shower facilities. He states he has limited access to tissues, soap, disinfectant, and hot water. He also claims the medical services at the jail are sub-standard. He fears the healthcare staff at the Fayette County Jail will not be able to manage an outbreak if it occurs.

Petitioner argues that the Bail Reform Act, 18 U.S.C. § 3145(c), requires his release—an argument firmly rejected by the Court in his criminal case. *See supra*. He then states the conditions of his confinement are unconstitutional under the Fifth and Eighth Amendments and international law. He asks this Court to release him on bond pending his sentencing.

### Discussion

Petitioner has not sought an appropriate remedy for his presentencing detention order. He challenged his presentencing detention solely on the grounds of the COVID-19 pandemic, and the Court rejected his motion. He has not filed an expedited appeal—a procedure noted by the

Supreme Court as an essential safeguard provided by the Bail Reform Act. *See United States v. Salerno*, 481 U.S. 739 (1987). "Should a judicial officer order detention, the detainee is entitled to expedited appellate review of the detention order." *Id.* at 743 (citing 18 U.S.C. § 3145(b), (c)). Under the Bail Reform Act, a decision to detain a defendant is immediately reviewable.

Instead, petitioner filed a § 2241 writ of habeas corpus, "an ingenious device for securing redundant review of [his presentencing detention]." *Fassler v. U.S.*, 858 F.2d 1016, 1018 (5th Cir. 1988). "The terms of the Bail Reform Act and the potential for abuse of the writ and for unnecessary duplication of appeals . . . should ordinarily provide strong incentive for defendants to employ Section 3145 appeals." *Id. See also Falcon v. U.S. Bureau of Prisons,* 52 F.3d 137, 139 (7th Cir. 1995) (the remedy provided by 28 U.S.C. § 2241 cannot be used to undermine, or interfere with, the proceedings in an ongoing federal criminal case). "Where a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition." *Whitmer v. Levi*, 276 F. App'x 217, 219 (3d Cir. 2008).

Petitioner has not exhausted the remedies available in his criminal case. Rather, he seeks a writ of habeas corpus releasing him from presentencing detention. Petitioner has made no effort to explain why he cannot raise his claims on appeal of the denial of his motion for bond reduction and release in his ongoing criminal proceedings.[1] Nor has he shown any basis to bypass the normal procedure for raising such claims. Therefore, relief under § 2241 is unavailable to petitioner at this time. To determine otherwise would interfere with the trial judge's control over petitioner's case, encourage "judge shopping," and cause needless duplication of judicial resources. The Court will therefore deny the petition. The Court will not issue a certificate of appealability, as petitioner

---

[1] Moreover, in his § 2241 memorandum he argues specifically that the Bail Reform Act requires his release. *See* ECF No. 1-1 at 10-12.

has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 11th day of May, 2020.

*SLR. CR*

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE